UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CR-0245-003-CVE |
| | ) | |
| JEREMY C. ANDERSON, | ) | |
| a/k/a JC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court are the following motions: defendant's Motion in Limine to Preclude Out-of-Court Statements Made by Any Alleged Cooperating Conspirators after the Individuals were Cooperating with the United States (Dkt. # 418); defendant's Motion for Pre-trial Hearing ("James Hearing") to Determine Admissibility of Alleged Co-Conspirators' Statements and Brief in Support (Dkt. # 419); defendant's Motion in Limine Regarding References to Defendants as Nazis, White Supremacist [sic] & Racists (Dkt. # 420); and defendant's Motion in Limine to Exclude Certain Testimony (Dkt. # 421). "The purpose of a motion in limine is to aid the trial process by enabling the Court 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitively set for trial, without lengthy argument at, or interruption of, the trial.'" Mendelsohn v. Sprint/United Management Co., 587 F. Supp. 2d 1210, 1208 (D. Kan. 2008). However, a court is almost always better situated to make evidentiary rulings during trial, and a court may defer an in limine ruling unless the party seeking to exclude evidence shows that the evidence is inadmissible on all potential grounds. Wright v. BNSF Railway Co., 2016 WL 1611595, *1 (Apr. 22, 2016).

On December 7, 2018, a grand jury returned an indictment charging 15 defendants, including Jeremy C. Anderson, with conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d) (count one), and all 18 of the defendants named in the indictment are charged with drug conspiracy in violation of 21 U.S.C. § 846 (count two). Count three of the indictment charges four defendants, not including Anderson, with kidnapping. The indictment alleges that each of the defendants was a member or associate of the Universal Aryan Brotherhood (UAB), a criminal organization engaged in drug distribution and violent crime. Dkt. # 2, at 2. The UAB is a prison-based gang operating in Oklahoma prisons that offers membership to "whites only," and the UAB offers protection to white inmates if they join the gang. Id. at 3. Members of the UAB often had tattoos of Nazi symbols, such as the Nazi flag, swastikas, Iron Eagle, and Schutzstaffel lightning bolts. Id. at 5. In this case, the indictment alleges that defendants conspired to engage in a racketeering enterprise for the purpose of engaging or attempting to engage in trafficking illegal drugs, money laundering, robbery, kidnapping, and murder. Id. at 12. As to Anderson, the indictment alleges that Anderson and three other defendants "ordered UAB members to attack Irish Mob Gang members, resulting in the murder of two Irish Mob Gang members." Id. at 15. The indictment also alleges that Anderson and others sold methamphetamine for the benefit of the UAB and engaged in monetary transactions with the proceeds of illegal drug sales, and this activity allegedly began in 2011 and continued through 2018. Id. at 18. The alleged drug conspiracy involved at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, and defendants are facing a 10 year mandatory minimum sentence and a statutory maximum sentence of life imprisonment if convicted of count two. Id. at 19, 21.

Defendant has filed three motions in limine (Dkt. ## 418, 420, 421), and a motion requesting a pretrial hearing to determine the admissibility of coconspirator statements at trial (Dkt. # 419). Defendant argues that statements made by cooperating witnesses after they began cooperating with plaintiff should be excluded, because such statements could not have been made in furtherance of the charged conspiracy. Dkt. # 418. Defendant asks the Court to exclude evidence that he was allegedly a member or associate of the UAB, and he asks the Court to prohibit plaintiff "from referring to Anderson as a racist, Nazi, or white supremacist." Dkt. # 420. Defendant also asks the Court to limit the opinion testimony of law enforcement witnesses, and he also asks the Court to exclude or limit the use of overview or summary testimony at trial. Dkt. # 421.

**Admissibility of Coconspirator Statements (Dkt. ## 418, 419)**

Defendant asks the Court to hold a pretrial hearing to determine the admissibility of coconspirator statements, and he also asks the Court to exclude statements made by cooperating coconspirators after they began cooperating with plaintiff. Plaintiff responds that it is unnecessary for the Court to hold a pretrial hearing to determine the admissibility of coconspirator statements, and plaintiff will lay a proper foundation before seeking to use coconspirator statements at trial. Dkt. # 433. Plaintiff argues that it would be premature to exclude every statement made by a cooperating witness, because many of these statements are not hearsay or are admissible under an exception to the hearsay rules. Dkt. # 523.

Under Fed. R. Evid. 801(d)(2)(E), a statement is not considered hearsay if the court finds that "(1) a conspiracy existed; (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and (3) the statement was made in the course of and in furtherance of the conspiracy." United States v. Eads, 191 F.3d 1206, 1210 (10th Cir. 1999) (quoting

3

United States v. Caro, 965 F.2d 1548, 1557 (10th Cir. 1992)). For Rule 801(d)(2)(E) to apply, the government must establish the existence of a conspiracy at some point in its case-in-chief, or the statements must be excluded. United States v. Kaatz, 705 F.2d 1237, 1244 (10th Cir. 1983). A court "can only admit coconspirator statements if it holds a *James* hearing [before trial] or conditions admission on forthcoming proof of a 'predicate conspiracy through trial testimony or other evidence.'" United States v. Townley, 472 F.3d 1267, 1273 (10th Cir. 2007) (quoting United States v. Owens, 70 F.3d 1118 (10th Cir. 1995)). A district court may rely on the statements and observations of other coconspirators to support its finding that a conspiracy existed. Owens, 70 F.3d at 1124-25. If a coconspirator statement is admissible under Fed. R. Evid. 801(d)(2)(E), the requirements of the Confrontation Clause of the Sixth Amendment are also satisfied. United States v. Molina, 75 F.3d 600, 603 (10th Cir. 1996).

Plaintiff opposes defendant's motion for a James hearing and argues that there is no Tenth Circuit precedent requiring a pretrial hearing to determine the admissibility of coconspirator statements. Dkt. # 433. The Tenth Circuit has stated that it has a "preference" for a district court to hold a pretrial hearing. United States v. Gonzalez-Montoya, 161 F.3d 643, 649 (10th Cir. 1998). However, the Tenth Circuit has clearly held that this is a preference only, and the district court retains discretion to hold a pretrial hearing or permit the government to "connect up" the statements to a conspiracy at trial. United States v. Urena, 27 F.3d 1487, 1491 (10th Cir. 1994). In this case, the indictment alleges that numerous defendants engaged in a conspiracy to conduct a racketeering enterprise and to distribute methamphetamine, and a James hearing would take almost as long as a jury trial. The Court will require the government to lay a proper foundation for admitting coconspirator statements by offering proof of the conspiracy and each defendant's membership in

it before seeking to admit the statements, but defendant's motion (Dkt. # 419) for a James hearing is denied.

Defendant also argues that plaintiff should be prohibited from using out-of-court statements made by alleged coconspirators after they began cooperating, because such statements were not made "during and in furtherance of the conspiracy." Dkt. # 418. Plaintiff responds that the charged racketeering conspiracy began in July 2005 and continued through December 2018, and statements made during this time period would have been during and in furtherance of the conspiracy. The Court notes that the admissibility of out-of-court statements will not be an issue if the cooperating witness testifies at trial, because plaintiff will not need to rely on out-of-court statements from that witness. The Court also finds that defendant's motion to exclude coconspirator statements is premature, because none of the alleged statements is identified with any specificity. The statements may not be hearsay or may be admissible under exceptions to the hearsay rules, and the issue is not suitable for an in limine ruling. Defendant's motion to exclude statements (Dkt. # 418) is denied.

**Exclusion of References to Racism or White Supremacy (Dkt. # 420)**

Defendant asks the Court to prohibit plaintiff from referring to any of the defendants as Nazis, racists, or white supremacists based on the defendants' alleged affiliation with the UAB. He also argues that plaintiff should be prohibited from offering evidence that defendant belonged to or was associated with the UAB, because evidence of gang affiliation would be unfairly prejudicial to defendant.

Under Fed. R. Evid. 401, evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence" and the "fact is of consequence in determining the action." However, a court may exclude relevant evidence if "its probative value is substantially

outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice means that evidence has an "undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." United States v. Silva, 889 F.3d 704, 712 (10th Cir. 2018). "[E]xclusion of evidence under Rule 403 that is otherwise admissible under the other rules 'is an extraordinary remedy and should be used sparingly.'" United States v. Tan, 254 F.3d 1204, 1211 (10th Cir. 2001) (quoting United States v. Rodriguez, 192 F.3d 946 (10th Cir. 1999).

The Court will initially consider defendant's argument that plaintiff should be prohibited from offering evidence of his affiliation with the UAB. Evidence of gang membership or affiliation can be probative in some case, but this evidence may also present a substantial risk of unfair prejudice. United States v. Irvin, 87 F.3d 860 (7th Cir. 1996). Evidence of gang membership may be directly relevant to the charged offense in a conspiracy case, and this evidence may help to "establish an agreement among the subjects, the purpose of the conspiracy and knowledge of the part of the defendants." United States v. Robinson, 978 F.2d 1554, 1563 (10th Cir. 1992). Defendant argues that the evidence produced by plaintiff does not show that defendant had a "meaningful connection" to the charged racketeering enterprise or drug conspiracy, and plaintiff will likely attempt to use evidence of gang membership as the primary basis to establish defendant's guilt of the charged offenses. Dkt. # 420, at 3-4. The Court does not know what evidence will be offered at trial and the Court will not speculate as to the strength of plaintiff's case against defendant. Evidence of defendant's affiliation or membership with the UAB is likely be directly relevant to the charged conspiracy offenses, and the evidence that defendant belonged to or voluntarily associated

6

himself with the UAB will not be unfairly prejudicial. The law is clear that membership in a gang may not be the sole basis for a conviction, but it would be premature to exclude evidence of defendant's affiliation with the UAB based only on defendant's assessment of the evidence against him. See United States v. Robinson, 978 F.2d 1554, 1563 (10th Cir. 1992) (evidence of gang affiliation cannot be the sole basis for a conspiracy conviction, but found that conviction was supported by additional evidence). Defendant's request to exclude evidence of gang membership or affiliation is denied.

Defendant also argues that plaintiff should be prohibited from referring to Anderson or the UAB as racists, white supremacists, or Nazis, because this evidence has little probative value and would be unfairly prejudicial to him. Dkt. # 420, at 6. The indictment alleges that racial discrimination and white supremacy are essential to the creation, structure, and operation of the UAB, and evidence of racist symbols or ideology may be relevant to show the nature or purpose of the charged conspiracies. Plaintiff states that the evidence will show that Anderson was a member of the UAB's "Main Council," and UAB members often have tattoos of Nazi symbols or other UAB slogans. Dkt. # 521, at 4. This type of evidence would be relevant to show that Anderson belonged to and was an active participant in the UAB. Evidence that Anderson personally believed in white supremacy or engaged in racially discriminatory practices would also tend to show that he was an active member of the UAB. Anderson's motion to exclude any reference to the racist beliefs or practices of the UAB or himself (Dkt. # 420) is denied.

**Motion to Exclude Certain Testimony (Dkt. # 421)**

Defendant asks the Court to exclude certain expert testimony from law enforcement witnesses, and he also asks the Court limit the use of overview or summary testimony at trial.

Defendant believes that certain law enforcement witnesses may attempt to offer "expert" testimony based on knowledge or experience about the UAB based on their investigation of this case, and he also claims that these "expert" witnesses may attempt to offer improper opinion testimony. Dkt. # 421, at 5-8. Plaintiff responds that it does not intend to offer any gang expert testimony, but it will provide proper notice to defendant if plaintiff decides to call a gang expert. As to the issue of summary or overview evidence, the Court finds that the parties' arguments are too general in nature for a pretrial ruling concerning the admissibility of evidence, and neither the motion nor the response describes in any detail the specific evidence that defendant seeks to exclude. The Court declines to consider the use of summary or overview witnesses and exhibits based on the current record, but the parties should be prepared to discuss this issue at the pretrial conference if they cannot reach an agreement concerning plaintiff's use of summary or overview evidence.

**IT IS THEREFORE ORDERED** that defendant's Motion in Limine to Preclude Out-of-Court Statements Made by Any Alleged Cooperating Conspirators after the Individuals were Cooperating with the United States (Dkt. # 418), defendant's Motion for Pre-trial Hearing ("James Hearing") to Determine Admissibility of Alleged Co-Conspirators' Statements and Brief in Support (Dkt. # 419), defendant's Motion in Limine Regarding References to Defendants as Nazis, White Supremacist & Racists (Dkt. # 420), and defendant's Motion in Limine to Exclude Certain Testimony (Dkt. # 421) are **denied**.

**DATED** this 23rd day of July, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE